UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHINA ENERGY CORPORATION,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>ALAN T. HILL, ELENA SAMMONS, MICHAEL SAMMONS, THOMAS S. VREDEVOOGD, TRUSTEE OF THE KIMBERLY J. VREDEVOOGD TRUST UA 10/07/2008, JUN HE, and RANDY DOCK FLOYD,<br><br>　　　　　　　　　　Defendants. | Case No. 3:13-cv-00562-MMD-VPC<br><br>Member case: 2:15-cv-02172-MMD-VPC<br><br>ORDER |

　　　　This Order addresses the remaining claims in this consolidated action.

　　　　The Court issued an Order directing Plaintiff China Energy Corporation ("CEC") to show cause as to why this action should not be dismissed for CEC's failure to comply with the Court's order directing CEC to retain substituted counsel. (ECF No. 351.) CEC has failed to respond. Defendant Thomas S. Vredevoogd, Trustee of the Kimberly J. Vredevoogd Trust ("Vredevoogd"), filed a response, asking the Court to allow this case to proceed to judgment without Plaintiff's participation. (ECF No. 355.) Vredeoogd argues that dismissal would be prejudicial to Defendants because Plaintiff would be able to avoid "the burden of paying 'fair value' for its shares to Defendants" and would require Defendants to pursue separate and duplicative action. (*Id.* at 2.) However, Plaintiff, a corporation, cannot appear *pro se.* Moreover, dismissal would not be prejudicial to Defendants because the only claim that remains is count II of the Complaint, which

seeks a fair value determination pursuant to Chapter 92A of the Nevada Revised Statutes.[1] Dismissal would not permit Plaintiff to avoid its obligations to pay fair value. Fair value has not been determined. Indeed, while this case has been pending for several years, the issues relating to count II have not been addressed. The Court will therefore dismiss the remaining count (count II) of the Complaint for Plaintiff's failure to comply with the Court's order to retain substitute counsel.

Defendants and Consolidated Plaintiffs Michael and Elena Sammons ("the Sammons") have also moved to dismiss them and any related claims involving CEC or Quicksilver Stock Transfer ("Quicksilver") without prejudice. (ECF No. 350.) The Court had previously consolidated the Sammons' action against CEC and Quicksilver into this action. (ECF No. 336.) The Sammons indicated that they plan to pursue their claims in state court in light of CEC's financial circumstances. The Court will grant the Sammons' motion.

It is therefore ordered that the only remaining claim asserted by Plaintiff (count II) is dismissed without prejudice.

It is further ordered that the Sammons' motion to dismiss (ECF No. 350) is granted. The Sammons' claims against CEC and Quicksilver are dismissed without prejudice.

It is further ordered that all pending motions (ECF Nos. 335, 339, 345, 349, 353, 354) are denied as moot.

It is further ordered that the pending motion for default judgment (ECF No. 10) in the member case before consolidation, case no. 2:15-cv-02172, is denied as moot.

The Clerk is directed to close this case.

DATED THIS 10th day of June 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Count I of the Complaint was dismissed with prejudice. (ECF No. 298.)

2